CLERK'S COPY

FILED AT ALBUQUERQUE NM

FEB - 7 2000

ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL SCOTT ROBINSON,

    Plaintiff,

v.   No. CIV-99-1342 BB/LFG

THE STATE OF NEW MEXICO,
THE CLOVIS POLICE DEPARTMENT,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action...is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that, at the time of Plaintiff's arrest for bank robbery and his subsequent detention, he was subjected to excessive force by unidentified officers of the Clovis, New Mexico,

Police Department and the New Mexico State Police. Plaintiff also alleges he was denied necessary medical treatment. The complaint seeks damages.

Neither of the named Defendants is a proper party in a § 1983 action. First, Plaintiff's claims against the State are barred by the Eleventh Amendment, which extends the sovereign immunity enjoyed by the States to actions in federal court. *Alden v. Maine*, --- U.S. ---, 119 S.Ct.2240, 2246-47 (1999) *Griess v. Colorado*, 841 F.2d 1042, 1043-44 (10th Cir. 1988). Second, a municipal police department is not a proper defendant ("person") and cannot be held separately liable in an action under § 1983. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (§ 1983 claims dismissed because City of Denver Police Department not a separate suable entity), *vacated and remanded on other grounds*, 475 U.S. 1138 (1986); *see also Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991) ("... local government departments have no greater separate identity from cities than do their officials when they are acting in their official capacities.") (citing *Brandon v. Holt*, 469 U.S. 464, 472 and n.21 (1985)), *aff'd*, 986 F.2d 1429 (Table) (10th Cir. 1993). For purposes of this order, therefore, Plaintiff's claims against Defendant Clovis Police Department are construed as claims against the City of Clovis.

IT IS THEREFORE ORDERED that Plaintiff's claims against the State of New Mexico are DISMISSED with prejudice; and the Clerk is directed to substitute the City of Clovis for named Defendant Clovis Police Department,

IT IS FURTHER ORDERED that Plaintiff will be allowed a reasonable time to amend the complaint and identify individual Defendants; and the Clerk is directed to issue summons for Defendant City of Clovis.

UNITED STATES DISTRICT JUDGE